THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT A. JOHNSON,<br><br>               Plaintiff,<br><br>    v.<br><br>QBE INSURANCE CORPORATION,<br><br>               Defendant. | CASE NO. C24-5426-JCC<br><br>ORDER |

This matter comes before the Court on Defendant QBE Insurance Corporation's motion for partial judgment on the pleadings (Dkt. No. 14). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

**I.  BACKGROUND**

This case arises out of an insurance coverage dispute. According to the complaint, Plaintiff, a Washington citizen, had a homeowners insurance policy with Defendant, a foreign insurer. (Dkt. No. 1 at 2.) Plaintiff alleges that he discovered water damage to his home in 2018 and filed a claim with Defendant. (*Id.*) Defendant made a payment but the amount was insufficient to address the cause of the damage. (*Id.* at 3.) After some dispute between the parties, a delayed appraisal was made on June 3, 2021. (*Id.* at 4–7.). Defendant made an additional payment based on this appraisal, which Plaintiff received June 14, 2021. (*Id.* at 8.) Nevertheless, Plaintiff alleges that Defendant unreasonably delayed insurance benefits. (*Id.*)

ORDER
C24-5426-JCC
PAGE - 1

1  Plaintiff filed a *pro se* complaint on June 3, 2024, bringing six state-law claims and asserting this
2  Court's diversity jurisdiction. (*See id.* at 8–12.) Plaintiff served process on CT Corporation
3  System, Defendant's registered service agent, on August 19, 2024. (Dkt. No. 7 at 1.)

4      Defendant seeks dismissal of four of those claims[1] on the basis that service was
5  insufficient under Washington law and, therefore, the statute of limitations has run on those
6  claims. (Dkt. No. 14 at 1–2.) Plaintiff responds that, in this diversity action, the manner of
7  service is dictated by federal law, not state law, and that service was sufficient under federal law.
8  (Dkt. No. 15 at 3.)

9  **II.    DISCUSSION**

10      The four state-law claims Defendant seeks to dismiss all have a three-year statute of
11  limitations. RCW 4.16.080; *see also Trumbull v. Am. Sec. Ins. Co.*, 2018 WL 3769797, slip op.
12  at 2 (W.D. Wash. 2018). Defendant submits (for the purposes of this motion) that the statutory
13  period commenced (at the latest) on June 14, 2021, when Plaintiff received the additional
14  payment. (*See* Dkt. No. 14 at 5.) Filing the complaint on June 3, 2024, tolled this period for 90
15  days, during which time Plaintiff was required to serve Defendant. *See* RCW 4.16.170.
16  Therefore, the statute of limitations would have lapsed on September 1, 2024.

17      Defendant does not dispute that Plaintiff attempted service within this period (on August
18  19) but argues that service on its registered agent was insufficient. (*See* Dkt. No. 14 at 3–4.) This
19  is because, under Washington law, service on a foreign insurer, such as Defendant, must be
20  affected upon the state Insurance Commissioner. (*Id.*) (citing RCW 4.28.080(7)(a),
21  48.05.200(1)). Defendant cites *Ohio Security Insurance Co. v. Axis Insurance Co.* for this
22  proposition, (*see* Dkt. Nos. 14 at 4, 16 at 2), which held that service upon the Insurance

---

[1] Defendant seeks to dismiss Counts II (bad faith), III ("tortious failure to act in good faith"), V (negligence), and VI (Insurance Fair Conduct Act). (*See* Dkt. Nos. 1 at 9–11, 14 at 1.) Not subject to the current motion are Count I for breach of contract and Count IV for violations of the state Consumer Protection Act. (*See* Dkt. No. 1 at 8, 10; *see generally* Dkt. No. 14.)

Commissioner is the exclusive means of service under RCW 4.28.080(7)(a). *See* 413 P.3d 1028, 1028 (Wash. 2018). However, as Plaintiff notes in response, the federal rules permit service on a foreign corporation through an authorized agent. (*See* Dkt. No. 15 at 3) (citing Fed. R. Civ. P. 4(h)(1)(B)). Therefore, the question presented is whether the manner of service in a diversity action such as this one is dictated by state or federal law.

The dictates of *Erie R. Co. v. Tompkins* and the Rules Enabling Act teach that federal procedural rules and state substantive laws govern proceedings in diversity actions. *See* 304 U.S. 64, 78 (1938), 28 U.S.C. § 2072(a, b); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("The broad command of *Erie* was therefore identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law").

The question whether a rule is procedural or substantive has proven thornier, especially when federal and state laws conflict, as here. In diversity actions, state statutes of limitation generally coexist with the Federal Rules of Civil Procedure. *See Walker v. Armco Steel Co.*, 446 U.S. 740, 745 (1980) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945)). Each are thus preserved. *See Richard v. Kelsey*, 2009 WL 3762844, slip op. at 1 (W.D. Wash 2009).

Some state statutes of limitation have substantive requirements that do not actually conflict with a federal rule and are thus enforced in diversity. In *Walker*, for example, state law required service to toll the statute of limitations, and the Supreme Court found this an integral part of the state's policy favoring repose. 446 U.S. at 751. This did not "directly conflict" with Federal Rule of Civil Procedure 3, which only states that an action in federal court is commenced upon filing the complaint—Rule 3 expresses no view on tolling or service. *Id.* at 750–52. Thus, a state law that does not directly conflict with a federal rule will generally be applied in a diversity action. *Id.*; *see also Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002) ("There is no conflict between Rule 4(m) and Oregon law"). There is no dispute here that the relevant statutory period is three years. Nor is there any dispute that Plaintiff attempted service during this time, including

of the tolling period. Thus, the issue is not one of timing under Rule 3. Rather, the issue here is the manner of service.

As the Supreme Court has noted, service is undisputedly managed by Rule 4, which is more likely to conflict with state law. *See Hanna*, 380 U.S. at 463 n.2. In fact, that court addressed essentially the same question presented here[2] and held that Rule 4 dictates the manner of service in an action commenced in federal court. *Id.* at 474. In that case, state law required personal service upon the executor of an estate, while Rule 4 permitted service at the defendant's usual place of abode. *Id.* at 461–62. The plaintiff filed her federal complaint in diversity and served the deceased defendant's wife according to Rule 4. *Id.* at 461. The defendant's estate contended this was insufficient under state law, like Defendant here. *Id.* at 462. But the Supreme Court found that the plaintiff's service was perfected under Rule 4 and that state law did not govern. *Id.* at 464. This was not some injustice to the defendant, the Court observed, because the same procedural rules applied to plaintiff and defendant alike. *Id.* at 469.

While Defendant may urge that the question here is really about giving effect to Washington's statute of limitations, (*see* Dkt. No. 16 at 2–3), under *Hanna* this would lead to an absurd result: the Federal Rules would govern *how* to perfect service but state law would govern *when* service occurs, at least for purposes of tolling the statute of limitations.[3] There cannot and should not be two conflicting service rules in a single federal action. Here, as in *Hanna*, the "clash is unavoidable." 380 U.S. at 470. Rule 4(h)(1) allows service in one of several ways, including on an authorized corporate agent, but Washington law requires service on the

---

[2] "Whether, in a civil action where the jurisdiction of the United States district court is based upon diversity of citizenship between the parties, service of process shall be made in the manner prescribed by state law or that set forth in Rule 4(d)(1) of the Federal Rules of Civil Procedure." *Hanna*, 380 U.S. at 461. The only difference in this case is that Plaintiff submits he perfected service under Rule 4(h)(1)(B). (Dkt. No. 15 at 3.)

[3] Defendant suggests that *Richard v. Kelsey*, 2009 WL 3762844 (W.D. Wash 2009), instructs that the Court should follow the state statute of limitations. (*See* Dkt. No. 16 at 2.) But that case addressed the timing, not the manner, of service. *See* 2009 WL 3762844 at 2.

ORDER
C24-5426-JCC
PAGE - 4

1  Insurance Commissioner. In certain instances (such as this one), a plaintiff can comply with one
2  but not the other—unlike the plaintiff who could comply with Rule 3 and the state service law in
3  *Walker*. In that case, the Supreme Court acknowledged the enduring validity of the *Hanna*
4  analysis when there is a "direct conflict between the Federal Rule and a state law." *Walker*, 446
5  U.S. at 749–52. To make the holding Defendant urges would resolve this conflict against a valid
6  federal rule contrary to the Rules Enabling Act and *Erie*, resulting in an "inequitable
7  administration of the laws" in cases commenced in federal court. *Hanna*, 380 U.S. at 468.

8  Further, the Court notes that *Ohio Security Insurance Co.* is inapposite because that was a
9  case removed to federal court. 2017 WL 1710987, slip op. at 1 (W.D. Wash. 2017). There, the
10 district court faced the question of whether service was perfected on a foreign corporation *prior*
11 *to* removal. *Id.* at 7–10. That is why the court certified the question to the Washington State
12 Supreme Court rather than look to federal rules or precedent. *See Ohio Sec. Ins. Co. v. Axis Ins.*
13 *Co.*, 2018 WL 2716808, slip op. at 2 (W.D. Wash 2018). The case does not conflict with *Hanna*,
14 either—state rules govern state proceedings. "Because this court has subject matter jurisdiction,
15 the Federal Rules of Civil Procedure govern service of process." *Sayago v. Thompson*, 2010 WL
16 11700896, slip op. at 5 (D. Or. 2010) (citing *Hanna*, 380 U.S. at 464).

17 To summarize, Plaintiff duly served Defendant's authorized service agent in accordance
18 with Rule 4(h)(1)(B). (*See* Dkt. No. 7 at 1.) Therefore, he perfected service. This occurred on
19 August 19, 2024, (*id.*), before the 90-day tolling period lapsed. Accordingly, his claims should
20 not be dismissed for the reasons Defendant urges.

21 **III.    CONCLUSION**

22 For the foregoing reasons, the Court DENIES Defendant's motion for judgment on the
23 pleadings (Dkt. No. 14).

24 //
25 //
26 //

1 | DATED this 31st day of December 2024.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE